UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERTRUDE ANITA BROADWAY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 2:10-cv-02898-JPM-tmp |
| FEDERAL EXPRESS, | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL EXPRESS CORPORATION

Federal Express Corporation. ("FedEx") hereby answers Plaintiff's Complaint. FedEx responds to the separately numbered allegations of Plaintiff's Complaint as follows:

1. FedEx admits that jurisdiction is proper in this Court and that Plaintiff seeks relief pursuant to 42 U.S.C. § 2000(e), et seq. FedEx denies, however, that Plaintiff is entitled to any such relief.

2. FedEx admits, upon information and belief, that Plaintiff is a United States citizen of African American descent and that she resides in Memphis, Tennessee. FedEx denies the remaining allegations of paragraph two of the Complaint.

3. FedEx admits that Federal Express Corporation is a corporation whose principal place of business is in Memphis, Tennessee. FedEx denies the remaining allegations of paragraph three of the Complaint.

4. FedEx admits that Plaintiff is seeking the relief identified in paragraph four of the Complaint but denies that Plaintiff is entitled to such relief.

5. FedEx admits, upon information and belief, that Plaintiff filed a timely charge with the EEOC. FedEx is without sufficient knowledge of information to form a belief regarding the truth of the remaining allegations of paragraph five of the Complaint and therefore demands strict proof thereof if its rights are to be affected.

6. Denied.

7. FedEx admits that she filed a complaint through FedEx's GFTP in 2006 and that the complaint was ultimately decided in Plaintiff's favor. FedEx denies the remaining allegations of paragraph seven of the Complaint.

8. Denied.

9. FedEx admits that in 2009, Plaintiff was informed that her current position was being eliminated pursuant to a reduction in force. FedEx denies the remaining allegations of paragraph nine of the Complaint.

10. Denied.

11. Denied.

12. Denied.

13. FedEx denies that Plaintiff is entitled to any relief sought in the Complaint, or the Prayer for Relief thereto.

14. Any allegation of the Complaint theretofore not specifically admitted or denied is denied as if separately and specifically denied.

## **AFFIRMATIVE DEFENSES**

Plaintiff's Complaint is subject to the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate damages, if any. To that extent, Plaintiff may not recover.

3. This action and the remedies sought are barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

4. Plaintiff has failed to exhaust administrative remedies.

5. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

6. Any claims for damages under Title VII are limited by 42 U.S.C. § 1981(a).

7. Defendant avers that its actions with respect to Plaintiff were made in good faith and based upon legitimate and valid business reasons not related to discrimination or in retaliation for any alleged protected activity.

8. Some or all the claims contained in the Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

9. If and to the extent that Defendant made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of business or managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Complaint.

10. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

11. Defendant avers that this action is groundless and, accordingly, Defendant is entitled to recover its attorneys' fees and other costs associated with defense of this action.

12. FedEx reserves the right to assert further affirmative defenses as they become evident through discovery or investigation and/or to alter or otherwise amend this list once discovery commences.

.WHEREFORE, having fully answered, FedEx prays that this Court enter judgment in its favor, including reasonable costs, attorney fees, and such other relief as may be just and proper.

Respectfully submitted,

By: s/johnwcampbell
John W. Campbell (BPR 16017)
Senior Counsel
FedEx Legal Department
3620 Hacks Cross Road,
Building B, 2nd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8403
Facsimile:  (901) 434-9279
jwcampbell@fedex.com

Attorney for Federal Express Corporation

Dated: April 8, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing by FedEx overnight, postage prepaid, on this the 8th day of April, 2011, addressed to the following:

>John W. Walker, P.A.
>1723 Broadway
>Little Rock, AR  72206

s/ johnwcampbell
John  W. Campbell
