UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERTRUDE ANITA BROADWAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>FEDERAL EXPRESS, )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO. 2:10-cv-02898-JPM-tmp |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

Federal Express Corporation. ("FedEx") has moved, pursuant to Fed. R. Civ. P. 26(c), for a Protective Order with respect to depositions Plaintiff has noticed for September 30 and October 3, 2011. The depositions at issue are of four managerial employees and two hourly non-managerial employees. FedEx requests that the depositions either (1) not take place at all; or (2) take place at dates and times on which the deponents and counsel will be available rather than the dates and times unilaterally set by the Plaintiff, on which the deponents and/or FedEx's counsel will not be available. FedEx's counsel has attempted to resolve this scheduling issue with Plaintiff's counsel on numerous occasions, but has been completely ignored by Plaintiff's counsel.

**FACTUAL BACKGROUND**

This lawsuit was filed on December 15, 2010 seeking damages under Title VII related to the displacement of the Plaintiff during a corporate realignment in April of 2009. Plaintiff claims that she was selected for displacement based upon her race rather

than any legitimate non-racial reasons. See Complaint. Per the scheduling order of May 4, 2011, the deadline for the completion of discovery was set for October 14, 2011.

Plaintiff served responses to FedEx's request for production of documents on August 10, 2011. Plaintiff provided no documents to FedEx. Instead, Plaintiff objected to half the requests on the following basis: "Plaintiff is unable to provide the requested information because Defendant objects to providing same." On a conference call on August 29, 2011 FedEx's counsel raised Plaintiff's improper objections and told Plaintiff's counsel that it needed Plaintiff's counsel to supplement the responses so that FedEx could prepare for Plaintiff's deposition. Plaintiff's attorney acknowledged that his objections were not proper under the rules of civil procedure and agreed to supplement plaintiff's discovery responses.

Also during this conference call, FedEx's counsel explained that Plaintiff's request for personnel files of individuals other than the plaintiff was overbroad and invaded the privacy of non-parties. Plaintiff's counsel agreed that many of the documents in the personnel files clearly would not be relevant to the case. FedEx's counsel invited Plaintiff's counsel to propose a more limited request for documents that would not encompass the entire personnel files of non-parties. Plaintiff never did so.

As of September 13, 2011, Plaintiff still had not provided FedEx with supplemental discovery responses, despite having promised to do so two weeks earlier. Accordingly, in a letter of September 13, 2011, FedEx's counsel requested to know when FedEx could expect to receive Plaintiff's supplemental discovery responses. FedEx's counsel also stated the need to discuss deposition dates in light of the upcoming discovery deadline. See letter of September 13, 2011, attached hereto as Exhibit 1.

Plaintiff's counsel did not respond to FedEx's September 13 letter with any proposed deposition dates for Plaintiff or with any estimate on when FedEx's counsel could expect to receive all the supplemental discovery responses.

On September 16, however, Plaintiff's counsel did send FedEx's counsel an email requesting dates for the following individuals: 1) Brian Faughnan; 2) Sean Healy; 3) Manooch Hakimi; 4) Shannon Brown; 5) Mike Griffith; and 6) Rachel Riley. See email of Sept. 16, 2011, attached hereto as Exh. 2. Brian Faughnan, Sean Healy, and Manooch Hakimi are all FedEx management level employees who have been identified by FedEx as having knowledge relevant to this litigation. Shannon Brown is a Senior Vice President for FedEx who has not been identified by either party as having knowledge relevant to this litigation. Furthermore, FedEx's counsel is not aware of any relevant knowledge Mr. Brown would have. Mike Griffith and Rachel Riley are non-management employees of FedEx who are not under FedEx's control. In this email, Plaintiff's counsel also offered to send an EEOC file and "displacement list," which represented a subset of the documents which Plaintiff had agreed to send FedEx's counsel as part of the supplemental discovery responses.

By email of September 19, 2011, FedEx's counsel agreed to check with Mr. Faughnan, Mr. Healy and Mr. Hakimi to find suitable deposition dates. See email of Sept. 19, 2011, attached hereto as Exhibit 3. FedEx's counsel also informed Plaintiff's counsel that neither Mr. Griffith nor Ms. Riley were management employees, and thus would need to be subpoenaed. FedEx's counsel offered, however, to check with their managers to see if there were dates that might be better for their depositions based upon

3

their schedules. Also in the Sept. 19, 2011 email, FedEx's counsel stated as follows regarding Mr. Brown:

> With respect to Mr. Brown, who is a senior vice-president, I am not aware of any connection he has to this case. He has not been identified as a person with relevant knowledge either by you or by me. To the best of my knowledge, Mr. Brown had no role whatsoever in the decision at issue. If you have some reason to believe that Mr. Brown has relevant knowledge, please let me know what that is at your earliest opportunity.

FedEx's counsel never received any response from Plaintiff this email.

As he agreed to do in the email of September 19, 2011, FedEx's counsel did obtain available dates for Mr. Faughnan, Mr. Healy, and Mr. Hakimi. FedEx's counsel also obtained dates that Ms. Riley and Mr. Griffith would be in the office and therefore should be available to give their depositions. As FedEx's counsel still had not heard back from Plaintiff regarding dates on which Plaintiff was available to give her deposition, FedEx's counsel proposed the following deposition schedule in an email of September 21, 2011: Ms. Broadway *on September 30, 2011*; Mr. Griffith and Ms. Riley on October 3; Mr. Faughnan on October 4; and Mr. Healy on October 5. Email of September 21, 2011, attached hereto as Exhibit 4.

By September 23, 2011, FedEx's counsel had heard no response to his email of September 19. Plaintiff had not offered any opinion on the proposed deposition schedule and had offered no alternative dates for Ms. Broadway's deposition. Accordingly, by email of Friday, September 23, 2011, FedEx's counsel stated as follows:

> John, I still have not heard from you regarding potential dates for Ms. Broadway's deposition. With the discovery deadline rapidly approaching and the possibility of needing additional depositions after Ms. Broadway, I have attached a deposition notice for her deposition *next Friday, September 30 at 9:30 a.m.*

4

Email of September 23, 2011, attached hereto as Exhibit 5. (Emphasis added). The email clearly put Plaintiff's counsel on notice that FedEx intended to take Plaintiff's deposition on September 30, 2011, as FedEx's counsel had previously proposed in his email of September 21. FedEx also sent the deposition notice to Plaintiff's counsel by FedEx overnight delivery, which Plaintiff would have received the following day, September 24.

The following Monday, September 26, 2011, FedEx's counsel received an email from Plaintiff's counsel with *seven attached deposition notices*. See email of September 26, 2011, attached as Exhibit 6. This was the first communication FedEx's counsel had received from Plaintiff's counsel since September 16. Plaintiff's counsel had noticed four depositions (Rachel Riley, Michael Griffith, Manooch Hakimi, and Sean Healy) for September 30, the same day FedEx's counsel had advised Plaintiff's counsel he intended to depose Ms. Broadway and noticed same. Plaintiff's counsel had noticed three additional depositions (Brian Faughnan, William Jones, and Shannon Brown) for October 3, 2011.

Plaintiff's counsel had never advised FedEx's counsel of his intent to take Mr. Jones' deposition. Plaintiff's counsel chose a day for Mr. Faughnan's deposition other than that provided by FedEx's counsel as an available date. Plaintiff's counsel noticed the depositions of Mr. Brown without having ever offered any legitimate reason for his deposition. Despite FedEx's counsel being ready and willing to discuss these depositions for over two weeks, Plaintiff never made any attempt to do so.

FedEx's counsel placed a phone call to Plaintiff's counsel the morning of September 26, but received no return call. Accordingly, FedEx's counsel sent the following email at 2:52 p.m. which accurately described the situation:

> As per my letter of September 13, 2011, I have been attempting to discuss deposition dates with you for the last two weeks, but have received no response to my request.
>
> On September 16, you forwarded me names of six individuals for whom you wanted to obtain available dates without providing me with any dates for your client's deposition. By email of September 19, I told you that I would check on available deposition dates. I also advised you the neither Riley nor Griffith were management employees, and so would need to be subpoenaed. I also asked why you had identified senior vice president Shannon Brown when neither you nor I had identified Mr. Brown as having relevant knowledge and I am not aware of any such knowledge that Mr. Brown would have. You never responded to that email.
>
> On September 21, I proposed dates for Mr. Griffith, Ms. Riley, Mr. Faughnan, Mr. Hakimi, and Mr. Healey. I never received a response to that email.
>
> On September 23, having still not heard from you regarding any dates for Ms. Broadway's deposition, I forwarded you a notice to take her deposition on September 30 -- in light of the fact that our discovery deadline is October 14 and there may be additional discovery we would need to take after that. I never received a response to that email.
>
> When I arrived at work today, I received a message that you had called. I immediately returned the call, but was told that you were unavailable. I left a message but have not received a return call.
>
> What I received instead was a set of deposition notices with the following characteristics:
>
> (1) Four of the depositions are set on September 30 during Ms. Broadway's previously noticed deposition. Obviously, the depositions cannot take place at the same time.
>
> (2) None of the depositions are set on the dates I suggested, which were dates on which the deponents were available. Accordingly, it is hard for me to conclude anything other than that your request for available deposition dates was in bad faith since I obtained and provided such dates and you completely ignored them.

> (3) You have noticed the deposition of Shannon Brown without providing any basis for same, despite my pointing out that Mr. Brown has no relevant knowledge and your failure to demonstrate that he does. You cannot simply notice depositions of high level FedEx management who have no connection to this case. The only reason I can see for your doing so is harassment.
>
> (4) You have requested personnel files despite our previous discussions regarding such files invading the privacy interests of named individuals.
>
> I have attempted to work with you to find mutually convenient dates for the taking of depositions in this case, but have received absolutely no response to my numerous requests. Your subsequent unilateral noticing of depositions without making any meaningful attempt to arrive at mutually convenient dates, and your blatant disregard of the information I sent you demonstrates extreme bad faith and a complete disregard of the rules of professional conduct.
>
> I would like to resolve this amicably, but cannot do so if you do not engage with me in meaningful discussion.

See Email of September 26, 2011, attached as Exhibit 7. Shortly thereafter, FedEx's counsel sent another email to Plaintiff's counsel stating FedEx's counsel's intention to file a motion for protective order if the pending issues could not be resolved amicably. See Email of September 26, 2011, attached as Exhibit 8.

Following these emails, FedEx's counsel did receive a call from Plaintiff's counsel. Plaintiff's counsel pointed out a clerical error in FedEx's deposition notice – the date was missing. Accordingly, Plaintiff's counsel had quickly noticed his own depositions for September 30, even though he was aware from multiple emails that FedEx had intended to notice Plaintiff's deposition for September 30, one of which was the email attaching the deposition notice. Plaintiff's counsel refused to compromise, instead insisting that Defendant's witnesses be deposed before Plaintiff. Plaintiff's

7

counsel stated that if Defendant's counsel refused his demand, he would file a motion with the court. Plaintiff's counsel then did so.

Plaintiff's "Motion for Conference" failed to mention that the email attaching the deposition notice stated the date for which the deposition was to be noticed, and instead misleadingly suggested that Plaintiff only received a copy of the notice by FedEx delivery. Plaintiff's use of email to send his own notices admits of no conclusion other than Plaintiff's counsel was entirely aware of date for which Plaintiff's deposition was being scheduled and yet attempted to set his own depositions on that date out of gamesmanship.

## ARGUMENT

### A. The Depositions Noticed By Plaintiff for September 30 Must Not Go Forward on that Date.

Plaintiff's deposition was properly noticed on September 23. While the deposition notice did contain a clerical error in that the date was erroneously omitted, Plaintiff's counsel was aware that the notice was intended to set Plaintiff's deposition for September 30. The email that accompanied the notice clearly stated that Defendant was noticing Plaintiff's deposition for September 30. Furthermore, FedEx had previously proposed in an email that Plaintiff's deposition be set for September 30 and had received no response from Plaintiff's counsel, which typically indicates agreement.

Any position that Plaintiff was not aware that the date of the noticed deposition was intended to be September 30 is simply untenable. Plaintiff quickly noticed his own depositions for the same date, and did so by email – just as FedEx's counsel had done. So that Plaintiff would have a single deposition notice with all the relevant information contained thereon, FedEx filed an amended notice, which contained the date of

September 30, following the telephone call with Plaintiff's counsel on September 26. See Amended Notice at Exh. ¶ hereto. Plaintiff has lodged no objection to this amended notice. In light of the fact that Plaintiff already had this information, the amendment was simply a formality and should relate back to September 23 when the original notice was served.

In light of the fact that FedEx previously noticed Plaintiff's deposition for 9:30 a.m. on September 30, and that FedEx's counsel is entitled to seven hours of testimony, the depositions Plaintiff has scheduled should not go forward, as the schedules would conflict. Furthermore, Sean Healy, whose deposition Plaintiff has set for September 30, is scheduled to attend a charity event that day on behalf of FedEx. Accordingly, Mr. Healy would not be available to give his deposition on September 30.

### B.     The Deposition of Shannon Brown Should Not Go Forward

Plaintiff has noticed three depositions for October 3: Brian Faughnan, William "Trip" Jones, and Shannon Brown. Plaintiff never previously notified FedEx's counsel that he intended to depose Mr. Jones and therefore never conferred with FedEx's counsel regarding appropriate dates for Mr. Jones' deposition. FedEx's counsel has to date been unable to confirm whether Mr. Jones would be available to give his deposition on October 3. While October 3 would be inconvenient for Mr. Faughnan to give his deposition, he could do so if necessary. If Plaintiff's deposition does not go forward for some reason on September 30, however, then FedEx would oppose any depositions until FedEx has an opportunity to take Plaintiff's deposition.

Mr. Brown is a Senior Vice-President of United States Operations of FedEx in charge of Human Resources. To put Mr. Brown's position in context, he reports directly to FedEx's Chief Executive Officer and supervises five Vice-Presidents for domestic regional operations. These Vice-Presidents in turn supervise several Managing Directors, who in turn supervise senior managers who in turn supervise operations managers.

FedEx's counsel is unaware of any involvement by Mr. Brown in the decision to select the Plaintiff for realignment, which is the subject of this lawsuit. Of the *over fifty individuals* identified by Plaintiff's counsel and FedEx's counsel as having knowledge relevant to this lawsuit, Mr. Brown is not among them. FedEx's counsel on two occasions requested that Plaintiff's counsel provide some legitimate reason for taking Mr. Brown's deposition other than harassment, but has never received any response.

Rule 26(c)(1)(A) permits the Court to forbid discovery upon a showing of good cause. As demonstrated herein, there is good cause to prohibit the depositions of Mr. Brown, as he has no relevant personal knowledge of the underlying facts of this case, and to subject him to a deposition would be unduly burdensome with respect to his time and costs, and would be disruptive to his job responsibilities.

Many courts have recognized the tremendous potential for abuse with respect to discovery of high level corporate executives, and have, accordingly, set a very high bar for the party that seeks such deposition testimony. See WebSideStory, Inc. v. NetRatings, Inc., 2007 U.S. Dist. LEXIS 20481, *6 (S.D. Cal. Mar. 22, 2007) (referring to Mulvey v. Chrysler Corp., 106 F.R.D. 364, 366 (D.C.R.I. 1985) (virtually every court addressing deposition of an official at the highest level or "apex" of corporate management has

observed that such discovery creates a tremendous potential for abuse or harassment); Reif v. CNA, 248 F.R.D. 448, 453 (E.D. Pa. 2008) (citing Fed.R.Civ.P. 26(b)(2)(C); Evans v. Allstate Ins. Co., 216 F.R.D. 515, 516-17 (N.D. Okla. 2003)) ("[c]ourts, …, have the discretion to prevent oppressive, harassing, inconvenient, and burdensome depositions of executive officials.").

While high-ranking officials are not immune from testifying, the deposition of a high-ranking corporate official may be denied where the plaintiff fails to demonstrate that the official has unique personal knowledge, and fails to first attempt less intrusive means of discovery. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. Ala. 1979) (upholding decision to prohibit the deposition of executive unless deposing lower-level employees with more knowledge proved unsatisfactory); In re United States, 624 F.3d 1368, 1373 (11th Cir. 2010) (requiring a showing of special need before compelling the appearance of a high-ranking officer); Telecomm Tech. Servs., Inc. v. Siemens Rolm Communs., Inc., No. 1:95cv649, 1997 U.S. Dist. LEXIS 24098, 6-7 (N.D. Ga. 1997) (plaintiffs not permitted to depose defendant's most senior official prior to deposing lower-ranking officials who are more likely to possess the information plaintiffs are seeking); In re Mentor Corp. Obtape Transobturator Sling Prods. Liab. Litig., No. 4:08md2004, 2009 U.S. Dist. LEXIS 111149, 1-4 (M.D. Ga. 2009) (under "apex rule," a court may bar a deposition of a high level executive who lacks unique personal knowledge related to the case).

Courts in other jurisdictions also prohibit depositions of high-ranking officers without a showing that the individual has unique personal knowledge. See In re Cheney, 544 F.3d 311, 314 (D.C. Cir. 2008) ("The duties of high-ranking executive officers

should not be interrupted by judicial demands for information that could be obtained elsewhere."); In re United States, 197 F.3d 310, 314 (8th Cir. 1999) (if other persons can provide the information sought, discovery will not be permitted against a high-ranking official); In re FDIC, 58 F.3d 1055, 1060 (5th 1995) (it is a settled rule that exceptional circumstances must exist before the involuntary depositions of high ranking officials are permitted); Chick-Fil-A, Inc. v. CFT Dev., LLC, No. 5:07-cv-501-Oc-10GRJ, 2009 U.S. Dist. LEXIS 34496 (M.D. Fla. Apr. 3, 2009) (party seeking the deposition must show that the executive has "unique or superior knowledge of discoverable information" that cannot be obtained by other means); Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 126 (D. Md. 2009) (barring deposition of a high level executive who lacks unique or personal knowledge related to the case); Mulvey v. Chrysler Corp., 106 F.R.D. 364 (D.R.I. 1985) (refusing to allow the deposition of Chairman until and unless responses to interrogatories directed to him proved insufficient, noting that individuals in high-ranking positions "can easily be subjected to unwarranted harassment and abuse.").

The rationale for barring such depositions is that "high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litig., 205 F.R.D. 535, 536 (S.D. Ind. 2002). Where an executive's only connection with the matter is the fact that he is a senior executive with the company, with no direct involvement in or knowledge of the issues giving rise to the action, a deposition of the executive is not appropriate. See Minter, 258 F.R.D. at 127.

The general trend is to prohibit the deposition of a high-ranking corporate executive who has no personal knowledge of the lawsuit. Lewelling v. Farmers Ins. of

Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989) (protective order granted in part because CEO had no personal knowledge). Courts focus on whether the corporate officer possesses "personal or superior unique knowledge," and "whether the information could be obtained from lower level employees or through less burdensome means, such as interrogatories." Reif v. CNA, 248 F.R.D. 448, 451 (E.D. Pa. 2008). The likelihood of harassment and business disruption are also considerations. Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001).

The Reif decision provides a thorough analysis of the case law addressing this issue. Each case cited by that court focused on whether the plaintiff had conducted discovery of low level managers before requesting the deposition of the CEO and whether the discovery completed by the plaintiff established a tangible connection between the CEO and the allegations of the lawsuit. In nearly every case, the plaintiff failed to meet this burden, and a protective order was granted. Reif, 248 F.R.D. at 451-53 (discussing holdings in Salter v. Upjohn Co., 593 F.2d 649 (5th Cir. 1979); *Bain v. General Motors Corp.*, 141 F.R.D. 332 (M.D. Ala. 1991); *Thomas v. IBM*, 48 F.3d 478 (10th Cir. 1995); *Harris v. Computer Associates Intern., Inc.*, 204 F.R.D. 44 (E.D.N.Y. 2001)). In the two decisions addressed in *Reif* where the court denied the request for a protective order, the CEO either possessed direct personal knowledge of the plaintiff's circumstances or refused to deny that he had any such knowledge. Id. at 453 (analyzing Nyfield v. Virgin Islands Telephone Corp., 202 F.R.D. 192 (D. Virgin Islands 2001); Naftchi v. New York University Medical Center, 172 F.R.D. 130 (S.D.N.Y. 1997).

In this case, Mr. Brown is a high-ranking officer who has no unique personal knowledge of the facts of this case. Furthermore, Plaintiff has deposed no lower ranking

officers or employees. To subject Mr. Brown to a deposition without a showing of exceptional circumstances would be unduly burdensome and unjustified.

      **C.**     **None of the Noticed Deponents Should Be Required to Bring Their Personnel Files.**

Plaintiff has demanded that each of the deponents bring to their depositions their entire personnel files. As this Court has previously held, "Personnel records, because of the privacy interests involve, should not be ordered produced except upon a compelling showing of relevance." Miller v. Federal Express Corp., 186 F.R.D 376, 384 (W.D. Tenn. 1999). To be compelling, the requesting party must demonstrate that the value of the information outweighs the privacy interests of the affected parties. Onwuka v. Federal Express Corp., 178 F.R.D. 508 (D. Minn. 1997); Blackmond v. UT Medical Group, No. 02-2890 MaV, 2004 U.S. Dist. LEXIS 27197, *4 (Nov. 3, 2004).

Plaintiff has made no showing with respect to the personnel files requested. FedEx has already produced files related to complaints of discrimination against Sean Healy, the decision-maker with respect to the Plaintiff's realignment. Plaintiff has not demonstrated any compelling showing for the production of any additional information from the subject personnel files. Accordingly, the deponents should not be required to produce or bring with them their personnel files to any depositions noticed by the Plaintiff. Furthermore, FedEx should be awarded its expenses and attorneys fees under Rule 37(a)(4) in conjunction with bringing this motion.

## CONCLUSION

For all the above stated reasons, FedEx's motion for protective order should be granted.

Respectfully submitted,

By: /s/johnwcampbell
John W. Campbell (BPR 16017)
Senior Counsel
FedEx Legal Department
3620 Hacks Cross Road,
Building B, 2nd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8403
Facsimile:  (901) 434-9279
jwcampbell@fedex.com

Attorney for Federal Express Corporation

Dated: September 29, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2011, a true and correct copy of the foregoing was filed and served electronically with the Clerk of Court by using the CMK/ECF system which will send a notice of electronic filing to the following:

John W. Walker, P.A.
1723 Broadway
Little Rock, AR  72206

s/ johnwcampbell
John W. Campbell