UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERTRUDE ANITA BROADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 2:10-cv-02898-JPM-tmp |
| ) | |
| FEDERAL EXPRESS, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE
ORDER OF DEFENDANT FEDERAL EXPRESS CORPORATION**

Federal Express Corporation. ("FedEx") hereby submits its reply to Plaintiff's response to FedEx's motion for Protective Order.

Several of the issues raised in FedEx's initial motion have been rendered moot. The depositions noticed by the Plaintiff for September 30 and October 3 did not go forward by mutual agreement. The Court has granted FedEx's motion to extend the discovery and dispositive motion deadlines by thirty days each, and, the parties are working to arrange mutually agreeable deposition dates and times. Plaintiff no longer seeks to take the deposition of Senior Vice-President Shannon Brown.

Accordingly, the sole remaining issue appears to be the production of personnel files for Manooch Hakimi, Trip Jones, Sean Healy, Brian Faughnan, Michael Griffith, and Rachel Riley. Such requests are repeated in new deposition notices issued by the Plaintiff on October 6 and October 10. In her response, Plaintiff appears to have at least

excluded from the request medical information. She continues to insist, however, that each of the deponents bring the following documents or categories of documents:

1. Applications for employment;
2. Resumes;
3. Proof of Education;
4. Posting of Vacancies;
5. Qualifications for positions;
6. Job Descriptions;
7. Timing of applications and selections;
8. The selecting officials;
9. The work history of employees;
10. The pay of employees;
11. The promotion of employees;
12. The demotions of employees;
13. The pay raises and bonus criteria;
14. The application of pay and bonus criteria;
15. Employee evaluations;
16. Employee discipline;
17. Employee commendations among other things.

See Plaintiff's Deposition in support of Response to Motion for Protective Order, at 2.

To provide some context, it is important to understand the involvement of each of these individuals, keeping in mind that the sole issue in this case is whether the selection

of the Plaintiff for realignment in a company-wide realignment process in April of 2009 was discriminatory.

1. Manooch Hakimi is a front line manager who supervised the Plaintiff from through July of 2006. Mr. Hakimi was not Plaintiff's manager in April of 2009 and had no involvement in the selection of Plaintiff for realignment.

2. Trip Jones is a front line manager who supervised the Plaintiff from July of 2006 through the realignment in April of 2009. Mr. Jones had no involvement, however, in the selection of Plaintiff for realignment.

3. Sean Healy is a Vice President in Plaintiff's management chain in April of 2009. He did not directly supervise Plaintiff, but was involved in the realignment process and did have input with respect to the final selection of Plaintiff for realignment.

4. Brian Faughnan is a Vice President who never supervised Plaintiff. Mr. Faughnan was however, involved in the investigation initiated by Plaintiff's filing of an internal complaint of discrimination with respect to her realignment in April of 2009 after the selection had been made. Mr. Faughnan had no involvement in the selection of Plaintiff for realignment.

5. Michael Griffith is a project engineer under Manooch Hakimi. He worked with Plaintiff in Mr. Hakimi's group though July of 2006, when Plaintiff moved to Mr. Jones' group. Mr. Griffith had no involvement in the selection of Plaintiff for realignment.

6. Rachel Riley is an engineering specialist under Trip Jones. She worked with Plaintiff in Mr. Jones' group through the realignment in April of 2009. Ms. Riley had no involvement in the selection of Plaintiff for realignment.

As discussed in FedEx's initial motion for protective order, the personnel information sought by Plaintiff contains personal and private information and, as such, can only be obtained by showing a "compelling showing of relevance." Miller v. Federal Express Corp., 186 F.R.D 376, 384 (W.D. Tenn. 1999). Applications for employment and resumes, for instance, contain very personal information that most people would prefer not be shared with others. Likewise, information about one's rate of pay, evaluations, promotions/demotions, and discipline are not the type things one would feel comfortable asking a stranger about at a cocktail party, and with good reason. Those things are very personal and private.

Plaintiff has made no compelling showing regarding the production of this information. Plaintiff has simply taken the position that the scope of discovery is broad and then makes conclusory statements to the effect that the requested information will help the plaintiff develop her claims – an argument that simply ignores the applicable standard. Moreover, Plaintiff has not demonstrated how any of this information would help develop her claims – much less establish a compelling justification for such production. Plaintiff has not demonstrated, for instance, how the employment application, resume, proof of education, rate of pay, or evaluations of Manooch Hakimi, a manager for whom she had not worked for *almost three years* at the time of the subject realignment, would advance her case.

While Sean Healy was involved in the realignment process, the information sought by Plaintiff, such as Mr. Healy's application or rate of pay, is simply not relevant to her claims. FedEx has voluntarily produced all non-privileged documents relating to any claims of discrimination against Mr. Healy, though it maintains the relevance of even

that information is tenuous at best. Plaintiff has not made the necessary compelling showing to obtain the information sought.

The only purpose for which FedEx can surmise that Plaintiff is proceeding with this argument, in light of her failure to offer *any compelling rationale* as required by applicable law, is harassment. Plaintiff wants to force each of the deponents, four of which are managers or Vice-Presidents of the company, to produce private and potentially embarrassing information. But the Federal Rules of Civil Procedure do not allow for such an abuse of the discovery process. FedEx's motion should be granted to the extent it seeks to quash Plaintiff's demand for the production of personnel files.

Respectfully submitted,

By: /s/johnwcampbell
John W. Campbell (BPR 16017)
Senior Counsel
FedEx Legal Department
3620 Hacks Cross Road,
Building B, 2nd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8403
Facsimile:  (901) 434-9279
jwcampbell@fedex.com

Attorney for Federal Express Corporation

Dated: October 10, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2011, a true and correct copy of the foregoing was filed and served electronically with the Clerk of Court by using the CMK/ECF system which will send a notice of electronic filing to the following:

> John W. Walker, P.A.
> 1723 Broadway
> Little Rock, AR  72206

> s/ johnwcampbell
> John W. Campbell