IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERTRUDE ANITA BROADWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 10-2898-Ml/P |
| ) | |
| FEDERAL EXPRESS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND
DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY
BRIEF**

Before the court by order of reference is defendant Federal Express Corporation's ("FedEx") Motion for Protective Order, filed September 28, 2011. (D.E. 15 & 16.) On October 14, 2011, the court held a hearing on the motion. Counsel for all parties were present and heard. At the hearing, plaintiff Gertrude Broadway stated that the only issue raised in FedEx's motion that was still "at issue" was whether she could obtain discovery of non-party Michael Griffith's personnel file. Griffith is a project engineer who worked with Broadway at FedEx through July 2006, at which time Broadway was moved to a different group. Griffith had no involvement in the selection of Broadway for realignment in April 2009. At the hearing, the court ruled that Broadway failed to establish a compelling need for Griffith's personnel file and granted FedEx's motion as to his personnel file. See Jordan v.

<u>Kohl's Dept. Stores, Inc.</u>, No. 3:10-CV-0051, 2010 WL 3024868, at *1 (M.D. Tenn. July 28, 2010) (stating that "courts generally do not order production of [personnel] files except upon a compelling showing of relevance by the requesting party"); <u>Compuware Corp. v. Moody's Investors Servs., Inc.</u>, 222 F.R.D. 124, 134 (E.D. Mich. 2004) (holding that personnel files were not discoverable where plaintiff failed to show that they were clearly relevant and that a compelling need existed); <u>Miller v. Fed. Express Corp.</u>, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); <u>Raddatz v. Standard Register Co.</u>, 177 F.R.D. 446, 447-48 (D. Minn. 1977) (noting that because personnel files contain an employee's sensitive and personal data, ordering their disclosure is a highly intrusive act that should not be undertaken lightly); <u>see also Fritz v. Charter Township of Comstock</u>, No. 1:07-CV-1254, 2010 WL 1856481, at *1 (W.D. Mich. May 10, 2010) (citing cases).

As for Broadway's motion to strike FedEx's reply brief (D.E. 25), because the court allowed Broadway to be heard on all issues raised in the motion, including issues contained in FedEx's reply brief, the motion to strike is denied as moot.

IT IS SO ORDERED.

<u>s/ Tu M. Pham</u>
TU M. PHAM
United States Magistrate Judge

<u>October 14, 2011</u>
Date