IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GERTRUDE ANITA BROADWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 2:10-cv-02898-JPM-tmp |
| FEDERAL EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IS SUPPORT OF MOTION TO QUASH
## SUBPOENA OF MIKE ODIGIE

Defendant's Rule 45 subpoena of Mike Odigie is untimely and an undue burden on Plaintiff's counsel. Rule 30(a) of the Federal Rules of Civil Procedure provides that a "party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." F.R.C.P. § 30(a).

Rule 45 (c)(3) states that "On timely motion, the issuing court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

1

### 1. Defendant's subpoena to depose Mike Odigie on Monday, January 9, 2012 is untimely.

On November 14, 2011, defense counsel recessed the deposition of Mike Odigie. The parties agreed to…"adjourn this deposition to another date that we would discuss." Defense counsel did not attempt to address this issue again until January 4, 2012. Plaintiff submits that that the resumption of the deposition is untimely because the next day January 10, 2012. Plaintiff's Response to Defendant's Motion for Summary Judgment and supporting documents are due.

### 2. Defendant's subpoena to depose Mike Odigie on Monday, January 9, 2012 is an undue burden to plaintiff's counsel.

Plaintiff's counsel cannot be present at such deposition in any case on the scheduled date because of a funeral in which he is a participant that will be occurring at the same time. The funeral also involves a close relative of plaintiff's counsel's paralegal.

For the above mentioned reasons, plaintiff's counsel respectfully requests that this court grant Plaintiff's Motion to Quash Subpoena of Mike Odigie.

Respectfully submitted,

/s/John W. Walker
JOHN W. WALKER, P.A.
1723 Broadway
Little Rock, Arkansas 72206
501-374-3758
501-374-4187 (facsimile)

## CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of January, 2012, a true and correct copy of the foregoing was filed and served electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>John W. Campbell
>Senior Counsel
>Federal Express Corp.
>3620 Hacks Cross Road,
>Building B, 2nd Floor
>Memphis, Tennessee 38125
>Telephone: (901) 434-8403
>Facsimile:   (901) 434-9279
>Email:  jwcampbell@fedex.com

                              /s/ John W. Walker