**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **GERTRUDE ANITA BROADWAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 2:10-cv-02898-JPM-tmp |
| ) | |
| **FEDERAL EXPRESS,** ) | |
| ) | |
| **Defendant.** ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL EXPRESS CORPORATION TO PLAINTIFF'S AMENDED COMPLAINT**

Federal Express Corporation. ("FedEx" or "Defendant") hereby answers Plaintiff's Amended Complaint. It is FedEx's position that the Amended Complaint is a nullity because it was filed without consent or leave of court, an issue addressed in FedEx's Motion to Strike Amended Complaint. As the Federal Rules are not clear regarding a party's obligation to respond to an Amended Complaint under such circumstances, however, FedEx files this answer to insure no argument can be made that FedEx is in default. In doing so, however, FedEx does not intend to waive the arguments it has made in its Motion to Strike. FedEx responds to the separately numbered allegations of Plaintiff's Amended Complaint as follows:

1.     FedEx admits, upon information and belief, the allegations of paragraph one of the Amended Complaint.

2. FedEx admits that Federal Express Corporation is a for-profit corporation incorporated in Delaware whose principal place of business is in Memphis, Tennessee. FedEx denies the remaining allegations of paragraph two of the Amended Complaint.

3. FedEx admits that jurisdiction is proper in this Court and that Plaintiff seeks relief pursuant to 42 U.S.C. § 2000(e), et seq. FedEx denies, however, that Plaintiff is entitled to any such relief.

4. FedEx admits the allegations of paragraph four of the Amended Complaint.

5. FedEx admits that venue is proper in this Court, but denies the remaining allegations of paragraph five of the Amended Complaint.

6. FedEx admits the allegations of paragraph six of the Amended Complaint.

7. FedEx admits the allegations contained in the first two sentences of paragraph seven of the Amended Complaint. FedEx admits that Plaintiff filed a complaint through FedEx's GFT process, but denies that the basis was racial discrimination. FedEx admits that one purpose of the GFT procedure is to allow employees to seek review of certain actions taken by management, which generally would include disciplinary actions and performance reviews.

8. FedEx admits the allegations of paragraph eight of the Amended Complaint.

9. FedEx admits that Sean Healy decided in favor of Ms. Broadway on her GFT complaint and issued a determination that the 1.7 performance review be removed from her record. FedEx denies that Healy or anyone else in FedEx management

concluded the score was not warranted by Plaintiff's performance and therefore denies the remaining allegations of paragraph nine of the Amended Complaint.

10. FedEx admits that Ms. Broadway filed a second GFT complaint against Mr. Hakimi on March 29, 2006, complaining that he was continuing to unfairly assess her performance. FedEx denies that Mr. Broadway alleged that this had anything to do with discrimination.

11. FedEx admits the allegations of paragraph eleven of the Amended Complaint.

12. FedEx admits that Mr. Healy was not involved in the investigation of Ms. Broadway's IEEO complaint. FedEx denies that Mr. Healy was named in the complaint. FedEx admits that on May 22, 2006, Mike Macyauski issued an investigative report concluding that no policy violations had been found.

13. FedEx admits that in July of 2006, Mr. Healy decided to move Plaintiff to a different work group under William Jones. FedEx further admits that Plaintiff worked under Mr. Jones through April of 2009 with no complaints of unfair treatment.

14. FedEx admits that in February of 2008, Rachel Riley was promoted from operations manager to senior engineering specialist and that at that time, Ms. Broadway was a project engineer specialist.

15. Denied.

16. FedEx admits the allegations of paragraph sixteen of the Amended Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. FedEx admits that, while employed by FedEx in New Mexico, Ms. Broadway applied for several Memphis positions for which she was found not to be the best candidate. FedEx denies the remaining allegations of paragraph twenty-four of the Amended Complaint.

25. Denied.

26. FedEx admits that Plaintiff did file an IEEO complaint after the realignment claiming retaliation. FedEx denies the remaining allegations of paragraph 26 of the Amended Complaint.

27. FedEx admits that the investigation into Plaintiff's post-realignment IEEO complaint revealed no policy violations. FedEx admits that after the realignment, it was determined that Ms. Riley had been hired into the wrong grade because Mr. Jones had incorrectly applied the formula for degree equivalence. Accordingly, her grade was reduced to 24 and her title was changed from Senior Engineering Specialist to Engineering Specialist. FedEx denies the remaining allegations of paragraph twenty-seven of the Amended Complaint.

28. FedEx admits that Bob Bennett posted an opening for a business strategist position in May of 2009, that Ms. Broadway applied for that position, and that she was ultimately not selected. FedEx further admits that white male Todd Tribal was selected

for the position. FedEx denies the remaining allegations of paragraph 28 of the Amended Complaint.

29. FedEx admits that Bob Bennett interviewed Mr. Tribal before selecting him and that he did not interview Ms. Broadway. The decision as to who should be interviewed was made by two African-American females. FedEx denies the remaining allegations of paragraph 29 of the Amended Complaint.

30. FedEx admits the allegations of paragraph thirty of the Amended Complaint.

31. FedEx admits the allegations of paragraph thirty-one of the Amended Complaint.

32. FedEx admits that Plaintiff filed a timely charge of discrimination with the EEOC and filed suit within the time allowed under relevant law after receiving her notice of rights from the EEOC for alleged discrimination within the scope of her charge.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 48 of the Amended Complaint, but denies that such relief is appropriate or justified.

49. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 49 of the Amended Complaint, but denies that such relief is appropriate or justified.

50. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 50 of the Amended Complaint, but denies that such relief is appropriate or justified.

51. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 51 of the Amended Complaint, but denies that such relief is appropriate or justified.

52. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 52 of the Amended Complaint, but denies that such relief is appropriate or justified.

53. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 53 of the Amended Complaint, but denies that such relief is appropriate or justified.

54. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 54 of the Amended Complaint, but denies that such relief is appropriate or justified.

55. FedEx acknowledges that Plaintiff has requested certain relief in paragraph 55 of the Amended Complaint, but denies that such relief is appropriate or justified.

56. FedEx acknowledges that Plaintiff has demanded a trial by jury.

57. FedEx denies that Plaintiff is entitled to any relief sought in the Amended Complaint, or the Prayer for Relief thereto.

58. Any allegation of the Amended Complaint theretofore not specifically admitted or denied is denied as if separately and specifically denied.

## **AFFIRMATIVE DEFENSES**

Plaintiff's Amended Complaint is subject to the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff failed to obtain the required leave to file her Amended Complaint.

2. Plaintiff has failed to mitigate damages, if any.  To that extent, Plaintiff may not recover.

3. This action and the remedies sought are barred by the failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

4. Plaintiff has failed to exhaust administrative remedies with respect to all claims related to actions and omissions of Defendant prior to and after April, 2009.

5. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

6. Any claims for damages under Title VII are limited by 42 U.S.C. § 1981(a).

7. Defendant's actions with respect to Plaintiff were made in good faith and based upon legitimate and valid business reasons not related to discrimination or in retaliation for any alleged protected activity.

8. Some or all the claims contained in the Amended Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, and/or unclean hands.

9. If and to the extent that Defendant made any adverse employment decisions with respect to Plaintiff, those decisions fell within the legitimate exercise of business or managerial discretion and therefore cannot provide any basis for recovery of the damages claimed in Plaintiff's Amended Complaint.

10. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits and by any damages caused by Plaintiff to Defendant.

11. Defendant avers that this action is groundless and, accordingly, Defendant is entitled to recover its attorneys' fees and other costs associated with defense of this action.

12. Plaintiff's Amended Complaint asserts claims outside the scope for which Plaintiff was allowed leave to amend. Accordingly, all Plaintiff's claims other than those relating to race discrimination under Title VII in relation to the realignment of April 2009 and Plaintiff's non-selection for the business strategist position in May/June of 2009 must be stricken as Plaintiff has not received leave from the Court to assert those claims.

13. FedEx reserves the right to assert further affirmative defenses as they become evident through discovery or investigation and/or to alter or otherwise amend this list once discovery commences.

WHEREFORE, having fully answered, FedEx prays that this Court enter judgment in its favor, including reasonable costs, attorney fees, and such other relief as may be just and proper.

Respectfully submitted,

/s/ John W. Campbell
John W. Campbell (BPR 16017)
Senior Counsel
Federal Express Corp.
3620 Hacks Cross Road
Building B, 2nd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8403
Facsimile: (901) 434-9279
jwcampbell@fedex.com

Whitney K. Fogerty (BPR 20082)
Senior Attorney
Federal Express Corp.
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee 38125
Telephone: (901) 434-8360
Facsimile: (901) 434-9279
whitney.fogerty@fedex.com

Dated: December 4, 2012

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of December 2012, a true and correct copy of the foregoing was filed and served electronically with the Clerk of Court using the CM/ECF system which will send notice of the electronic filing to the following:

> John W. Walker, P.A.
> 1723 Broadway
> Little Rock, AR 72206

/s/ John W. Campbell